IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROGER ORAL SMITH,

        Plaintiff,

vs.                         Case No. 19-3085-SAC

JULIE MILLER, BROOK
HAUBENSTEIN and ADVANCE HEALTH
CARE,

        Defendants.

**O R D E R**

This case is before the court to screen plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

1

II. Screening standards

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See id. at 679; Twombly, 550 U.S. at 567.

The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal

conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678.

III. The complaint

Plaintiff has written his complaint on forms for bringing an action under 42 U.S.C. § 1983. He alleges that he is an inmate at the Butler County Jail. Plaintiff asserts that defendant Miller was a nurse who worked at the jail and that defendant Haubenstein currently works at the jail as a nurse. He claims that although he told defendants that he was allergic to penicillin, defendant Miller gave him amoxicillin and augmentin which are in the penicillin family. He alleges that this caused him to break out in hives all over his body.

Plaintiff further claims that defendant Miller did not follow a surgeon's orders for post-surgery pain and infection medication. Instead, plaintiff was given regular medications "off the cart." According to the complaint, after he had a second surgery, it was 24 hours before plaintiff received anything for pain and again it was "off the cart," not what the doctor ordered. Plaintiff does not allege who was responsible for dispensing medication to him after the second surgery.

Plaintiff also claims that he broke out in hives whenever he ate beans, but it took almost two and one-half months for him to see a doctor to confirm his allergy. Plaintiff alleges that he still has hives from being given the wrong medication and being

given beans for lunch and dinner every day for months. He also complains that he is being served vegetarian plates with beans, when he is not a vegetarian and would like to eat meat.

IV. The complaint fails to state a claim against Advance Health Care.

The complaint does not recite facts showing that defendant Advance Health Care caused an injury to plaintiff. Plaintiff does not describe a policy of practice by Advance Health Care that caused him harm. The complaint does not directly allege that Advance Health Care employed defendants Miller and Haubenstein. But, even if this were so, corporations cannot be made liable under § 1983 for the conduct of their employees solely because of the employment relationship. See Rascon v. Douglas, 718 Fed.Appx. 587, 589-90 (10th Cir. 2017); Spurlock v. Townes, 661 Fed.Appx. 536, 545 (10th Cir. 2016); Green v Denning, 465 Fed.Appx. 804, 806 (10th Cir. 3/9/2012); Livingston v. Correct Care Solutions, 2008 WL 1808340 *1-2 (D.Kan. 4/17/2008).

V. The complaint does not state an Eighth Amendment violation.

It appears that plaintiff is alleging a denial of medical care and a safe diet as secured by the Eighth Amendment of the Constitution.[1] The Eighth Amendment prohibits "cruel and unusual punishments." It imposes a duty to provide "humane conditions of

---

[1] If plaintiff is a pretrial detainee, rather than a prisoner serving a sentence, his claims could fall under the Due Process provisions of the Fourteenth Amendment. But, the same standards would apply. See Ledbetter v. City of Topeka, 318 F.3d 1183, 1188 (10th Cir. 2003).

4

confinement" and to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and . . . [that] 'reasonable measures [be taken] to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

As already stated, plaintiff is bringing this action pursuant to 42 U.S.C. § 1983. Under § 1983, a person acting under color of state law is liable if he or she "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." "The statute is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." Margheim v. Buljko, 855 F.3d 1077, 1084 (10th Cir. 2017)(interior quotation omitted). Negligence is not a basis for liability under § 1983; liability must be predicated upon a deliberate deprivation of constitutional rights. Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007).

   A. Medical care

As regards the denial of the minimal constitutional level of medical care, the Tenth Circuit reviewed the requirements for an Eighth Amendment violation in Jensen v. Garden, 752 Fed.Appx. 620, 624 (10th Cir. 2018):

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference includes both an objective and a subjective component. The objective component is satisfied if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). "[A] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component is satisfied if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837, 114 S.Ct. 1970. The subjective component is not satisfied where the plaintiff simply complains of an "inadvertent failure to provide adequate care, negligent misdiagnosis, or ... difference of opinion with medical personnel regarding diagnosis or treatment." Clemmons v. Bohannon, 956 F.2d 1523, 1529 (10th Cir. 1992); see also Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006) (noting that, "absent an extraordinary degree of neglect," the subjective component is not satisfied where a doctor exercises his or her "considered medical judgment").

When there is delay in medical care delivery, an inmate must show that he suffered "substantial harm," such as a lifelong handicap, permanent loss or considerable pain, to allege an Eighth Amendment issue. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).

Plaintiff alleges that he developed hives because defendant Miller gave him medication related to penicillin, to which he is allergic.[2] Aside from stating that the hives were all over his

---

[2] Plaintiff alleges that defendant Haubenstein took him off the medication.

6

body, plaintiff does not allege facts showing that the hives were such a serious medical issue that a doctor mandated treatment or a lay person would easily recognize the need for a doctor's attention.

To prove an Eighth Amendment violation, an inmate plaintiff must show that his medical condition was sufficiently serious to be considered under the Cruel and Unusual Punishment Clause; this is the objective prong of a court's analysis. <u>Al-Turki v. Robinson</u>, 762 F.3d 1188, 1192 (10th Cir. 2014). The Tenth Circuit has stated that hives "are rarely serious." <u>James v. Federal Bureau of Prisons</u>, 79 Fed.Appx. 417, 419 (10th Cir. 10/28/ 2003). Other courts have held that hives, along with other minor problems, were not sufficiently serious to raise an Eighth Amendment issue. See <u>Davis v. Sample</u>, 2015 WL 459208 *6 (E.D.Va. 2/3/2015)(allergies, hives and redness); <u>Benjamin v. Higgs</u>, 2009 WL 483149 *3 (E.D.Va. 2/25/2009)(three days of shortness of breath, vomiting and hives); <u>Goodman v. Wexford Health Sources, Inc.</u>, 2009 WL 1360290 *3 (S.D.W.Va. 5/13/2009)(redness, swelling, slight difficulty breathing and hives over one evening); <u>Prasko v. Bd. of Cty. Comm'rs for Coffey Cty., Kansas</u>, 2000 WL 1880312 *6 (D.Kan. 12/14/2000)(hives that lasted a week). Giving plaintiff's complaint a liberal construction, the court finds that he has failed to recite sufficient facts to demonstrate that the hives he suffered were a serious medical problem.

Plaintiff also alleges that he suffered from pain after two surgeries. After the first surgery, plaintiff alleges that defendant Miller gave plaintiff nothing for pain or infection, but he also states that he received regular medications "off the cart." Plaintiff alleges that after the second surgery it was 24 hours before plaintiff received pain medication and it was "off the cart." Plaintiff does not describe the level of pain in the complaint or describe the medications he received "off the cart." His allegations are insufficient to describe a serious medical need to which defendants were deliberately indifferent.[3] See Burton v. Downey, 805 F.3d 776, 785 (7th Cir. 2015)(two-day delay in receiving pain medication did not manifest deliberate indifference); Gauthier v. Stiles, 402 Fed.Appx. 203 (9th Cir. 2010)(denial of prescription strength pain medication for two days); Van Court v. Lehman, 137 Fed.Appx. 948, 950 (9th Cir. 2005)(one-day delay in receiving pain medication); Jacques v. Gonzalez, 2018 WL 7916365 *6 (C.D.Cal. 12/12/2018)(one-day delay in receiving treatment); Dailey v. Corizon Health, 2017 WL 6371695 *2 (S.D.Ind. 12/12/2017)(one-day deprivation of pain medication); see also Todd v. Bigelow, 497 Fed. Appx. 839, 842 (10th Cir. 2012)(a difference of opinion with the medical staff as to the

---

[3] Plaintiff also does not allege that defendant Miller was responsible for dispensing medication after the second surgery and does not allege that defendant Haubenstein was responsible for dispensing the medication after either surgery.

8

optimal pain-management regimen does not amount to deliberate indifference); Hairston v. McGuire, 57 Fed.Appx. 788, 789 (10th Cir. 2003)(complaint that plaintiff's pain medication was too weak and that plaintiff had to pay for it failed to state an Eighth Amendment violation); Santamaria v. Oliver, 2015 WL 4124532 *2 (D.Colo. 7/9/2015)(disagreement over medication and treatment for "bad" back pain is not sufficient to allege an Eighth Amendment violation).

B. Diet

Plaintiff alleges that when he came to the jail he made "medical" aware that he was on a renal diet. He was told that the jail did not have a renal diet and that he would receive a vegetarian diet. Plaintiff asked to be taken off the vegetarian diet and he was placed on a common fare diet. But, two of the meals on the common fare diet had beans and he could not be maintained on the diet. Instead, he was placed back on a vegetarian diet to which he objects.

Plaintiff alleges that he has been tested for what he can eat, although he believes the test was a "female test." He claims that he broke out in hives every time he ate beans, but that it took "them" two and one-half months to make a doctor's appointment to confirm that he should not have beans. He further alleges that, even after the doctor's visit, defendant Haubenstein and another

9

nurse made plaintiff eat two bits of beans to test plaintiff's reaction. Then, he was taken off beans.

These allegations fail to describe a serious medical issue or substantial harm. Plaintiff also fails to allege facts demonstrating deliberate indifference to constitutionally inadequate medical or dietary provisions. Plaintiff was tested by an outside doctor, by defendant Haubenstein and others. Although plaintiff suggests that there may have been negligence because the tests were delayed or improperly administered, he does not allege facts showing that defendants were deliberately indifferent to a serious medical or dietary issue.

VI. Conclusion

For the above-stated reasons, the court believes plaintiff has failed to state a claim for relief. The court shall grant plaintiff time until June 14, 2019 to show cause why his case should not be dismissed for failure to state a claim or to file a complete and proper amended complaint which cures the deficiencies explained in this order. An amended complaint should describe all of plaintiff's claims and name all of the defendants plaintiff seeks to sue without referring to the original complaint. If plaintiff fails to show cause or file a proper amended complaint, this action shall be dismissed.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2019, at Topeka, Kansas.


        s/Sam A. Crow_____
        Sam A. Crow, U.S. District Senior Judge